UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SYLINA J. BELL, | ) | CASE NO. 1:08 CV 2022 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HUD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

In July 2008, pro se plaintiff Sylina J. Bell filed the above-captioned action in the Cleveland Municipal Court against the United States Department of Housing and Urban Development ("HUD"). In the complaint, plaintiff alleges she sustained injuries on a sidewalk near her residence. She seeks $3,000.00 in damages plus interest. The defendant removed this action to this federal court on August 21, 2008.

## *Background*

Ms. Bell's complaint is very brief. In its entirety, it states:

> Plaintiff is suing Defendant for medical bills she says was caused from faulty sidewalk at her place of residence. Wherefore, Plaintiff prays judgment against Defendant in the sum of $ 3,000.00 plus interest from 7/7/08 at the rate of 8%, together with costs of this action.

The defendant filed a Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(1) on

September 5, 2008 asserting that this court lacks jurisdiction to hear this matter because the plaintiff failed to file an administrative claim as required by the Federal Torts Claim Act. (Dkt. # 3). For the reasons set forth below, the Motion is granted.

### *Analysis*

Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of jurisdiction over the subject matter. Federal Rule of Civil Procedure 12(h)(3) states that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Motions to dismiss for lack of subject matter jurisdiction fall under one of two general categories, facial attacks or factual attacks. Fed.R.Civ.P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994); City of Olmstead Falls v. USEPA, 266 F.Supp.2d 718, 721-22 (N.D.Ohio 2003). A facial attack challenges the sufficiency of the pleading itself. Id. In reviewing such motion, the court must take the material allegations of the pleading as true and construe them in the light most favorable to the nonmoving party. Ritchie, 15 F.3d at 598 (citing Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974)). A factual attack, on the other hand, is a challenge to the factual existence of subject matter jurisdiction. Id. No presumption of truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Id. (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990)). The Government's Rule 12(b)(1) Motion to Dismiss the Tort Claims is a facial attack on the Court's subject matter jurisdiction. Under Rule 12(b)(1), once the defendant challenges the court's subject matter jurisdiction, the plaintiff must meet the burden of proving jurisdiction. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir.2005).

The United States, as a sovereign, cannot be sued without its prior consent, and the

terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957).

Federal courts have jurisdiction over civil actions on claims against the United States for money damages. 28 U.S.C. § 1346(b). To bring a tort claim against the Government, the plaintiff must first establish that the Government has waived its sovereign immunity. Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991) (per curiam) (citations omitted). The Federal Torts Claims Act ("FTCA"), is the exclusive waiver of sovereign immunity for tort claims against the Government, its agencies and its employees acting within the scope of their employment. 28 U.S.C. § 2679. See Arbour v. Jenkins, 903 F.2d 416, 419 (6th Cir.1990). The waiver is not unlimited, however. With respect to FTCA claims, the Government has waived its sovereign immunity only insofar as the plaintiff has exhausted her administrative remedies. See Lundstrum, 954 F.2d at 1145. Under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id. "The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." Tornichio v. United States, 263 F.Supp.2d 1090,

3

1099 (N.D.Ohio 2002). "If the agency denies the claim or fails to dispose of it within six months, the claimant may file a civil action in federal court." Holt v. Morgan, 79 Fed.Appx. 139 (6th Cir.2003). Failure to exhaust administrative remedies deprives the Court of jurisdiction over the claim. Id. (citing Glarner v. U.S. Dep't of Veterans Admin., 30 F.3d 697, 700 (6th Cir.1994)).

The Government contends that the Court lacks subject matter jurisdiction over Plaintiff's tort claims because she failed to exhaust her administrative remedies prior to filing the tort claims in federal court. Ms. Bell has not replied to the Motion to Dismiss nor has she supplied the Court with proof of exhaustion of these remedies.

## *Conclusion*

Accordingly, the defendant's Motion to Dismiss is granted and this action is dismissed without prejudice pursuant to Federal Civil Rule 12(b)(1). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

 /s/Dan Aaron Polster 10/10/08
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.